[No. 21513.   Department One.'   December 20, 1928.]

FRANK M. PRESTON, *Respondent,* v. FRANK FORRESTAL COMPANY, *et al., Defendants,* AMERICAN DISCOUNT CORPORATION, *Appellant.*[1]

*Grinstead, Laube & Laughlin, R. John Lichty* and *John J. Kennett,* for appellant.

*Frank M. Preston* and *Preston, Thorgrimson & Turner,* for respondent.

[1]Reported in 272 Pac. 975.

MITCHELL, J.—The Frank Forrestal Company, hereinafter called the contractor, made a contract with the city of Seattle on June 3, 1927, for the improvement of certain streets under an ordinance creating local improvement district number 4498, and on the same day and in connection therewith, the contractor, together with the United States Fidelity and Guaranty Company, made, executed and delivered to the city a bond as required by law.

The contract provided for the retention of fifteen per cent of all estimates, made monthly, for the purpose of paying labor and material claims, the remaining eighty-five per cent to be paid to the contractor, with certain limitations and restrictions, to be noticed later herein.

On September 28, 1927, the contractor, for a valuable consideration, assigned all its right, title and interest in and to all payments due or to become due, under the contract, to the American Discount Corporation, hereinafter called the discount corporation, notice of which assignment was filed on that day in the office of the city comptroller. The work was completed by the contractor on October 7, 1927, and accepted by the city.

On October 10, 1927, an estimate as of the date of October 1, 1927, was prepared by the city engineer, showing $2,396.42 due for work, over and above the fifteen per cent reserve, which amount of $2,396.42, under the terms of the contract, was *payable on October 25, 1927*. During the first twenty-four days of October, 1927, that is, prior to pay date for the September estimate, valid claims for labor and material against the job had been filed in a total amount in excess of the amount due the contractor on account of the September estimates, including the fifteen per cent reserve. Thereafter and within proper time, other

valid claims for labor and material against the work were filed, making a total of $6,423.08 for all claims filed both before and after October 25, 1927.

All of these claims were assigned to Frank M. Preston, who brought this action against the contractor, the city of Seattle, the bonding company and the discount corporation and others, for a judgment declaring the plaintiff, as assignee of the claimants, to have the first lien upon and entitled to all the moneys held by the city owing on the contract, and for judgment against the contractor and bonding company for the balance due the plaintiff.

The city answered, admitting its indebtedness to the contractor. It tendered the same into court to be distributed to the parties entitled thereto.

The discount corporation answered, and by way of cross-complaint set up its claim, by virtue of the assignment from the contractor, to the amount of $2,306.42, which represented the eighty-five per cent due the contractor, and further pleaded that the funds so paid by it to the contractor, in taking the assignment, were used and expended by the contractor in paying for labor, materials, provisions and supplies furnished and expended in the performance of the contract with the city. In its answer it expressly waived any claim to the fifteen per cent reserve held by the city.

The defendant bonding company answered plaintiff's complaint, and it also answered the cross-complaint of the discount corporation, alleging that the claims assigned to the plaintiff were valid claims, and demanded that they be given priority so as to reduce the amount it would otherwise be liable to pay under its bond; and further alleged its giving written notice to the city comptroller on October 21, 1927, not to pay or draw a warrant in favor of the contractor for the

amount due October 25, 1927, as the claims for labor and material were ahead of any claim on the part of the contractor or its assignee, the discount corporation.

The trial resulted in findings of fact, conclusions of law and judgment, giving the plaintiff a superior right to all the balance due the contractor by the city, including the fifteen per cent reserve, amounting altogether to the sum of $4,420.99; and for the remainder due on plaintiff's claims he was given judgment against the contractor and the bonding company in the sum of $2,002.09. The cross-complaint of the discount corporation was dismissed with prejudice. The discount corporation has appealed.

Counsel have discussed the equities claimed to be in its favor, because the money it furnished the contractor was used by the latter to pay on the construction cost of the improvement, as compared with the equities of the bonding company, a compensated surety. But as we view the case that controversy is not important.

The controlling question relates to the superior right of plaintiff, respondent, over that of the appellant to the eighty-five per cent of the funds that were owing the contractor at the time the claims for labor and material were incurred and filed.

It is necessary to a decision of the case to notice other facts proven under the pleadings, as follows: The contract provided that:

"The contractor shall pay the wages of all persons employed on or about said work, and for all other service. He shall pay for all materials purchased therefor, and the city of Seattle may withhold any and all payments under this contract until the provisions of this section have been fully complied with."

"The city comptroller shall not pay to the contractor any portion of the amount due on this contract,

unless at the time of payment all claims filed with the city comptroller for material purchased or labor performed thereon shall have been fully paid. If at any time during the progress of this improvement it shall appear to the city comptroller that the contractor has neglected, refused or failed to pay in cash for any labor performed thereon, and that time checks or other evidences of indebtedness have been issued by such contractor, then the city comptroller, upon presentation to him of such time checks or other evidences of indebtedness, shall issue to such labor claimants a warrant or warrants therefor upon the local improvement contingent fund. The city comptroller shall charge the amount of all warrants so issued against the account of the contractor for this improvement and shall deduct the amounts thereof, together with a penalty of ten per cent (10%) thereon, from the next or succeeding payments to be made to said contractor. Any sum or sums so paid may be deducted from the eighty-five per cent (85%) to be paid to such contractor, as provided in this contract, or from any other sum or sums due said contractor.''

Further, it was proven, and the court found, that the assignment made by the contractor to the appellant contained the following provision:

''This assignment is not valid as against any claim for labor, material, provisions and goods supplied and furnished in the prosecution of this contract.''

Essentially the same kind of facts existed in *First National Bank v. Seattle*, 71 Wash. 122, 127 Pac. 837, where this court, in holding that the rights of an assignee of the contractor were inferior to claims for labor and material outstanding within the city's knowledge, at the time the contractor or his assignee would be otherwise entitled to collect, said:

''The contract provides that 70 per cent of the amount earned during each month should be paid the contractor as the work progressed, and the remaining 30 per cent should be retained by the city to secure the

payment of laborers and materialmen. It is admitted that this fund of $5,730.47 represents the balance due Steenstrup under this 70 per cent provision of the contract. The entire 30 per cent having been paid out by the city, to lien claimants, appellant contends that, under its assignment from Steenstrup, it is entitled to this fund as against laborers and materialmen as a payment due the contractor, and that all sums belonging to this 70 per cent fund belong absolutely to the contractor, irrespective of claims of laborers and materialmen, which claims can only look to the 30 per cent fund for their satisfaction. The court below found, supporting the contention of the surety company, that the total earnings under the contract must be applied to the payment of labor and material in preference to the rights of the contractor. This conclusion of the court must be sustained. Appellant has no greater right to this fund than Steenstrup. It stands in his shoes. The contract provides that 'the contractor agrees to pay the wages of all persons, and for assistance of every kind employed upon or about said work, and the board of public works may withhold any and all payments under this contract until satisfied that such wages or assistance has been fully paid.' Under this provision, the contractor could not claim anything due under his contract, while claims for labor and 'assistance of every kind' were unpaid and filed with the city against the amount due under the contract. In addition, the assignment itself contains this stipulation:

" 'This assignment is not valid as against any claim for labor, material, provisions and goods supplied and furnished in the prosecution of this contract.' "

Again, the situation here involved falls within the doctrine of *State ex rel. Bartelt v. Liebes,* 19 Wash. 589, 54 Pac. 26, where it was held that a stipulation in a contract of this kind for public improvement, providing that the contractor should not be paid until all claims for labor and material had been adjusted, was a valid one, and constituted the city a trustee for the benefit of unpaid laborers and materialmen.

Neither the city nor its comptroller accepted the assignment: the comptroller simply filed it in his office, and prior to October 25, 1927, when he otherwise would have issued a warrant to the contractor and delivered it to the assignee, valid claims, now represented by the respondent, in excess of the estimates on the work, were filed; and, in addition, the comptroller was given notice of the outstanding claims by the bonding company, an interested party. Nor had there been any appropriation of the fund, which would have required actual payment on the part of the city.

Some emphasis is placed upon the use of the word "may," found in that portion of the contract hereinbefore quoted, as differing from the word "shall," found in the contracts in some of the cases decided by this court, such as the *State ex rel. Bartelt v. Liebes* case, *supra;* and the argument is that the city itself, as such, must use its discretion in withholding any portion of the eighty-five per cent from the contractor.

In the first place, the city has withheld such payment, first by the refusal of the comptroller to draw a warrant in favor of the contractor, and, second, by the city bringing the fund into court. But clearly the word thus emphasized is not entitled to the construction given to it by the appellant.

Another clause in the contract, relied on by the appellant, provides that the comptroller shall, on the 25th day of the month following the issuance of the estimate by the city engineer, deliver to the contractor money or warrants equal to the estimate, less the reserved percentage and less the amount, if any, due the city for services rendered or material furnished by the city, through any of its departments, to the contractor in the performance of the contract; and manifestly, in qualification of this clause and to prevent any misun-

derstanding, the contract used the word *may,* referred to by appellant, in another portion of the contract, where, after providing that the contractor shall pay all claims for labor and material, it then provides for the withholding of all payments due the contractor until the claims for labor and material are paid.

The payment of claims for labor and material is a primary and superior charge upon the whole of the contract price. That portion of the contract quoted says that nothing shall be paid by the comptroller, the agent and representative of the city, to the contractor, unless at that time all claims filed with the city have been paid. The contract goes to the extent of saying that, if the contractor has failed to pay labor claims for which time checks or other evidences of indebtedness are outstanding, upon the presentation of them to the city comptroller he shall issue to such claimants warrants therefor, and charge the amounts with a ten per cent penalty against the contractor for the improvement.

The rights of the contractor are at all times subject to the rights of labor and material claims, by the plain terms of the contract, without the exercise of any discretion on the part of anyone.

Appellant cites the case of *Pacific Coast Steel Co. v. Old National Bank of Spokane,* 134 Wash. 457, 235 Pac. 947. The contracts with a city and a county in that case provided for the retention of fifteen per cent, as required by the statute, and they further provided for the retention

". . . out of amounts due and to become due an amount in addition to the fifteen per cent above provided to be retained until the full completion of said work sufficient to cover all such claims or claims of which notice shall have been given."

· Under the terms of those contracts, as to the eighty-five per cent, the matter was left open, subject to future ascertainment and adjustment by the city of claims for labor and material; while the contract here provides for payment on specified dates, that is, on the 25th day of each month for the estimates of the preceding month, *provided,* of course, the comptroller shall not pay to the contractor any portion of the amount due on the contract, unless at that time all claims filed with the city comptroller for material and labor on the improvement have been fully paid; and even if the clause in the assignment in this case, that it is not valid as against any claim for labor, material, provisions and goods supplied and furnished in the prosecution of the contract, does not alter the rights of the parties as they already existed under the contract, as counsel for appellant argue, it clearly serves as a recognition on the part of the contractor and his assignee that they or either of them were not entitled to any pay until and after all valid claims for labor and material had been fully paid.

That understanding and construction of the contract has been expressed in the judgment appealed from, there being no question as to the validity of the claims assigned to the respondent.

Affirmed.

FULLERTON, C. J., TOLMAN, HOLCOMB, and BEALS, JJ., concur.