[No. 23542.   Department Two.   February 9, 1932.]

BUILDING MATERIALS, INC., OF GRAYS HARBOR, *Appellant,*
v. ELECTRIC EQUIPMENT & ENGINEERING
COMPANY, *Respondent.*[1]

*Thomas S. Grant,* for appellant.
*Paul O. Manley,* for respondent.

BEALS, J.—Plaintiff sued defendant upon its check
for $363.49, demanding judgment for the amount of
the check, with interest from its date, November 23,
1928.  Briefly stated, the facts giving rise to this litiga-
tion are as follows:

December 19, 1927, the city of Aberdeen entered into
a contract with defendant for the installation of a
lighting system on Market street.   Defendant con-
tracted with Greene Engineering Company (herein-
after referred to as Greene) for the performance of
some of the work called for by the contract, and Greene
from time to time purchased material from plaintiff

[1]Reported in 7 P. (2d) 601.

for use in connection with the installation. The work was accepted by the city July 25, 1928, and September 17 following, plaintiff filed with the city clerk its claim for $381.90 on account of materials furnished on order of Greene. Plaintiff did not give the notice required by Rem. Comp. Stat., § 1159-1, on the part of a materialman who furnishes material on the order of a subcontractor, and for that reason had no claim against defendant's bond.

Thereafter, Mr. Bertrand, manager of defendant, called on the city clerk for the purpose of obtaining the balance due under the contract, being the retained percentage which had been held out by the city pursuant to the terms of the contract and in accordance with the laws of this state applicable to such a situation. Mr. Bertrand then, for the first time, learned that plaintiff had filed a claim with the city, and promptly communicated with Mr. Gauntlet, plaintiff's manager, and ascertained from him plaintiff's position in regard to the matter. Mr. Bertrand then took the matter up with Greene, and was informed that plaintiff's claim was too large, in that no credit had been allowed thereon for some sacks which had been returned.

November 23, Mr. Bertrand called at plaintiff's office, and, after some conversation with plaintiff's officers, turned over to them the check sued upon, drawn by defendant, and signed by himself as manager. This check is in amount less than the total of plaintiff's claim, the difference representing the adjustment allowed by plaintiff for the property returned, for which credit was demanded on the basis of information furnished by Greene. Upon returning to his office, it appears that Mr. Bertrand discovered that the amount of the check which he had delivered to plaintiff was somewhat in excess of the sum which defendant then owed Greene, and, after some further investigation,

Mr. Bertrand, within two hours after the turning over of the check to plaintiff, telephoned plaintiff's office that payment on the check had been stopped.

Three days later, the city clerk, on advice of the city attorney, paid to defendant the balance due on the contract, and shortly thereafter defendant paid to Greene $309, the balance due Greene for labor and material.

Defendant answered plaintiff's complaint, admitting the execution and delivery of the check, but denying that there was any consideration therefor, and alleging that the same "was executed and delivered under a mistake of fact." The action was tried to the court sitting without a jury, and resulted in a judgment of dismissal, from which plaintiff appeals.

Appellant does not complain of the findings, but assigns error upon the making of conclusions of law in respondent's favor, and upon the entry of the judgment of dismissal.

As to just what happened during the consultation between Messrs. Bertrand and Gauntlet just prior to the delivery of the check, the evidence is in dispute. Appellant introduced evidence to the effect that, during this conversation, Mr. Bertrand demanded and received a release of appellant's claim, as filed with the city clerk, and the trial court expressly found that such was the case. Respondent contends that, as appellant's claim was filed with the city over twenty days after the period limited by law for the filing of such a claim, appellant in fact had no rights whatever against the fund in the possession of the city, that the filing of the claim constituted merely an idle gesture, and that there was therefore no consideration for the check sued upon. In connection with this phase of the case, the trial court found as follows:

"Mr. Bertrand then, on November 23, 1928, went to the office of the plaintiff, and, after deducting the

credit due for the sacks, and demanding and receiving a release of claim, gave plaintiff the defendant's check for the balance of $363.49, on the assumption that the claim of the plaintiff has been duly and regularly filed and was a valid claim against the bond.''

The court also found that the release which had been executed by appellant was not used in connection with the procurement from the city of the balance due under the contract, and that the release was never used for any purpose.

An examination of the evidence satisfies us that the finding of the court, that a release of appellant's claim was demanded by Mr. Bertrand and executed by appellant because of this demand, is supported by a preponderance of the testimony. It also appears that both parties were acting in entire good faith, there being no evidence of any fraud or deceit employed by either.

The check being in due form, and its delivery being admitted by respondent, it is presumed that the same was based upon a valuable consideration. We do not, however, consider the fact that the burden of proof rests upon respondent of controlling force in deciding this action.

For the purposes of this case, it is admitted that Greene was indebted to appellant in at least the amount of the check sued upon. It is also admitted that respondent, at the time the check was delivered, was indebted to Greene in the sum of approximately $300. The retained percentage of the contract price was being held by the city, and appellant had filed with the city clerk its claim in the sum of $381.90. Respondent does not contend that any misrepresentation was made to it as to the time of the filing with the city of appellant's claim. Respondent contends that its check was delivered to appellant under a mistake of fact, but it would seem that whatever mistake occurred

was of law rather than of fact. The evidence indicates that there was some dispute between the parties as to the amount due appellant. Mr. Bertrand admits that he made some investigation to satisfy himself as to the amount actually due appellant from Greene. We are satisfied that the matter of the amount of appellant's claim and the items comprising the same was fully discussed, and the matter adjusted between Messrs. Bertrand and Gauntlet, just prior to the delivery of the check.

It is a very generally accepted doctrine that a mistake of law is not ground for rescission of a contract of settlement or compromise. *Hennessy v. Bacon,* 137 U. S. 78; *Kiefer Oil & Gas Co. v. McDougal,* 229 Fed. 933; Parsons on Contracts, 9th ed., vol. 1, p. 477. In the case of *Kelley v. Smith,* 101 Wash. 475, 172 Pac. 542, this court considered questions somewhat analogous to those here presented, and cited authorities pertinent to this inquiry.

The specifications for the installation of the lighting system contained a provision to the effect that the contractor (respondent) should pay all wages due to men employed upon the work and for all materials purchased therefor, and that the city might withhold any and all payments due under the contract until satisfied that all claims for wages and material had been fully paid. Appellant argues that, under this portion of the contract, the city, notwithstanding the fact that appellant's claim was filed after the expiration of the thirty day period, might have insisted that respondent pay appellant's claim. In this connection appellant cites the cases of *State ex rel. Bartelt v. Liebes,* 19 Wash. 589, 54 Pac. 26; *Aetna Casualty & Surety Co. v. Skagit County,* 120 Wash. 351, 207 Pac. 237; and *Preston v. Forrestal Co.,* 150 Wash. 340, 272 Pac. 975.

Without attempting to determine the law in connection with this phase of the controversy, it clearly appears that grounds for different contentions in connection with the matter existed.

Under all the circumstances of the case, and particularly in view of the fact that the trial court found that, just prior to the delivery of the check, and as part of the agreement which resulted in that delivery, respondent demanded of appellant, and received, a formal release of its claim, we are of the opinion that the check here in suit was based upon a valuable consideration, and that the trial court erred in its conclusion that respondent was not liable thereon, and in entering judgment dismissing the action.

The judgment appealed from is reversed, with instructions to enter judgment in appellant's favor for the amount of the check, with legal interest thereon.

TOLMAN, C. J., HOLCOMB, MAIN, and MILLARD, JJ., concur.